UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| FIRST NATIONAL BANK OF CENTRAL TEXAS, A NATIONAL BANK<br><br>v.<br><br>INDEMNITY NATIONAL INSURANCE COMPANY, AN INSURANCE COMPANY, SANARE ENERGY PARTNERS, LLC F/KA NORTHSTAR OFFSHORE VENTURES, LLC, A DELAWARE LIMITED LIABILITY COMPANY, DAVID A. WILEY, AND CHARLES ROUGEAU | CIVIL ACTION NO. **6:23-cv-00176**<br><br>JUDGE<br><br>MAG. |

## NOTICE OF REMOVAL

Defendant Indemnity National Insurance Company ("***INIC***"), with the consent of Defendants Sanare Energy Partners, LLC ("***Sanare***"), David A. Wiley, and Charles Rougeau, hereby removes McLennan County District Court Cause No. 2923-25-5 to this Court under 28 U.S.C. §§ 1331, 1441, and 1446. This Court has subject-matter jurisdiction under the jurisdictional provision of the Outer Continental Shelf Lands Act, 43 U.S.C. § 1349(b)(1)(A) ("***OCSLA***"), because the action arises out of or in connection with a contract concerning the purchase of oil, gas, and mineral leases on the outer Continental Shelf as well as purported bonding obligations for the decommissioning and abandonment of wells, property, and equipment located on the outer Continental Shelf (the "***OCS***"). In support of removal, INIC provides the following short and plain statement of the grounds for removal:

### I.   INTRODUCTION

1. As pleaded in the "Plaintiff's First Amended Original Petition" ("***Amended Petition***") filed by First National Bank of Central Texas ("***Bank***" or "***Plaintiff***"), the parties' dispute derives from a Loan Purchase Agreement ("***LPA***") that purportedly required INIC to

provide replacement bonds covering a range of operations involving exploration, development, or production on the outer Continental Shelf, including the de-commissioning and abandonment of wells, property, and equipment; and a certain bond ("**SEP-01 Bond**") that was issued in 2020 by INIC as surety and which names Sanare as principal and the Bank as obligee. The LPA and the SEP-01 Bond are attached as **Exhibit A**. Central to the Plaintiff's causes is the allegation that INIC and Sanare, via a recital in the SEP-01 Bond, represented that certain oil and gas leases located on the OCS, together with all related rights and obligations, and all wells, platforms, facilities, equipment, pipelines, and personal property existing on the leases, were sold and assigned to Sanare pursuant to a certain Purchase and Sale Agreement.

## II.   THE STATE COURT ACTION

2.      On January 30, 2023, the Bank filed the "Plaintiff's Original Petition" against Defendants INIC, Sanare, and David A. Wiley (none a citizen of Texas) in the 414th Judicial District Court of McLennan County, Texas, under the caption *First National Bank of Central Texas v. Indemnity National Insurance Company, et al*., Cause No. 2023-255-5. The Plaintiff's Original Petition was never served on INIC. The Bank filed its Amended Petition on February 3, 2023, naming Charles Rougeau (a citizen of Texas) as an additional defendant. The Amended Petition was served on INIC on February 7, 2023. A copy of the Amended Petition with a copy of the corresponding Citation is attached as **Exhibit B**. In accordance with 28 U.S.C. § 1446(a), a copy of the state-court docket and all process, pleadings, and orders served on INIC is attached as **Exhibit C**.

3.      Plaintiff alleges that INIC breached the SEP-01 Bond by failing and refusing to pay the amounts stated as due thereunder. In the alternative, Plaintiff further alleges INIC breached the LPA by failing to issue bonds fully shifting liability for decommissioning and abandonment operations on the outer Continental Shelf from the Bank to INIC. Exhibit B, Amended Petition, at

¶¶ 25, 31, & 46-47. Plaintiff further pleads that if the SEP-1 Bond is not valid and enforceable, the Defendants defrauded or made negligent misrepresentations to Plaintiff by representing through a recital in the SEP-01 Bond that certain OCS properties were assigned to Sanare. Plaintiff seeks (1) damages in the amount of the SEP-01 Bond, plus expenses and attorney's fees, (2) reformation of the SEP-01 Bond to the extent the SEP-01 Bond is deemed not valid and enforceable, (3) and exemplary damages to the extent Plaintiff has been subject to fraud or negligent misrepresentation. *Id.* at ¶¶ 39–55. INIC denies Plaintiff's allegations.

### III.   BASIS FOR REMOVAL

4.      Removal is proper because this Court has original jurisdiction over this action under OCSLA. *See* 43 U.S.C. § 1349(b)(1)(A); *see also* 28 U.S.C. § 1331 (providing federal question jurisdiction), 28 U.S.C. § 1441(a) (providing for removal of civil actions brought in state court where original jurisdiction for U.S. district courts exists), 28 U.S.C. § 1446 (providing procedure for removal). Subject to exceptions not relevant here, OCSLA grants federal district courts jurisdiction over "cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. § 1349(b)(1)(A).[1]

5.      The Fifth Circuit has held OCSLA's jurisdictional grant is "straightforward and broad." *Deepwater Horizon*, 745 F.3d at 163. "[C]onsistent with the breadth of the substantive reach of the OCSLA," the court has found "that Congress intended for the 'judicial power of the United States to be extended to the entire range of legal disputes that it knew would arise relating

---

[1] "A plaintiff does not need to expressly invoke OCSLA in order for it to apply." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013).

3

to resource development on the Outer Continental Shelf.'" *EP Operating Ltd. P'ship v. Placid Oil Co.*, 26 F.3d 563, 569 (5th Cir. 1994) (quoting *Laredo Offshore Constructors, Inc. v. Hunt Oil Co.*, 754 F.2d 1223, 1228 (5th Cir. 1985)). The terms "exploration," "development," and "production" are all interpreted expansively to "encompass the full range of oil and gas activity from locating mineral resources through the construction, operation, servicing and maintenance of facilities to produce those resources." *Id.* at 568.

6. This action qualifies for OCSLA jurisdiction because it "aris[es] out of, or in connection with . . . any operation conducted on the outer Continental shelf which involves exploration, development or production." 43 U.S.C. § 1349(b)(1)(A). "Operation" is also an expansive term, *EPL Oil & Gas, LLC v. Trimont Energy (NOW), LLC,* No. 6:22-CV-208-JDK, 2022 WL 16837054, at *3 (E.D. Tex. Nov. 9, 2022), encompassing both "the doing of some physical act," and "the subsequent cessation, suspension or reduction of production" on the OCS because such conduct would have "an immediate bearing on the production of the [OCS] well[.]" *Amoco Prod. Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1207, 1209-10 (5th Cir. 1988). "[T]he abandonment or decommissioning of wells on the OCS is an 'operation' under OCSLA." *EPL Oil & Gas*, 2022 WL 16837054, at *3. Because this case concerns a party's obligation to maintain and perform under a bond putatively issued to protect a predecessor in interest from liability relating to the decommissioning and abandonment of wells on the OCS, this case "arises out of or in connection with an OCS operation." *See id.*

### IV. TIMELINESS OF REMOVAL

7. A notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The Plaintiff's Original

Petition was never served on INIC, and INIC was served with the Amended Petition on February 7, 2023. Because INIC files this Notice of Removal on March 9, 2023, within 30 days of being served with the Amended Petition, this removal is timely.

8. The time for INIC to answer, move, or otherwise plead with respect to the Amended Petition has not yet expired.

## V.   VENUE

9. Venue is proper because the United States District Court for the Western District of Texas – Waco Division is the federal judicial district and division embracing the 414th District Court of McLennan County, Texas, where this action was originally filed. *See* 28 U.S.C. § 1441(a)

## VI.   JOINDER

10. INIC is not aware of any other defendant having been properly joined and served with a copy of Plaintiff's Amended Petition, other than Sanare, David A. Wiley, and Charles Rougeau, who consent to removal as evidenced by the forms attached hereto as **Exhibit D**. *See* 28 U.S.C. § 1446(b)(2)(A).

## VII.   NOTICE TO PLAINTIFF AND STATE COURT

11. Concurrent with the filing of this Notice of Removal, INIC is serving this Notice on Plaintiff and filing a copy of the Notice with the Clerk of the 414th District Court of McLennan County, Texas. *See* 28 U.S.C. § 1446(d).

## VIII.   RESERVATION OF RIGHTS

12. INIC reserves its right to assert any defenses and objections to which it may be entitled.

## IX. CONCLUSION

13. Based on the foregoing, the United States District Court for the Western District of Texas has subject-matter jurisdiction over this action under the OCSLA, and the action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

*Respectfully submitted,*

*/s/ Benjamin Kadden*
**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
Benjamin W. Kadden, Esq. (TX No. 24077542)
Donna Thomisee, Esq. (TX No. 02705550)
Coleman L. Torrans, Esq.
801 Travis Street, Suite 1800
Houston, TX 77002
Telephone: (713) 222-1990
Facsimile: (713) 222-1996
Email:   bkadden@lawla.com
         dthomisee@lawla.com
         ctorrans@lawla.com

*Counsel for Indemnity National Insurance Company*

## CERTIFICATE OF SERVICE

      I certify that on March 9, 2023 I served a true and correct copy of this Notice of Removal, along with the supporting exhibits, upon all adverse parties pursuant to 28 U.S.C. § 1446(d) and upon counsel of record to this proceeding by filing the Notice and its exhibits with the Court's CM/ECF system.

      */s/ Benjamin Kadden*
      **Benjamin W. Kadden**